IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GERMAN PORTILLO and JUANA PORTILLO | § § § |
| V. | §   CIVIL ACTION NO. G-10-569 |
| GEOVERA SPECIALTY INSURANCE COMPANY, JOHN LEONARD and JAMES PERFETTI | § § § § § |

## OPINION AND ORDER

On December 21, 2010, Defendants, Geovera Specialty Insurance Company (Geovera), John Leonard and James Perfetti, filed their Verified Plea in Abatement alleging that Plaintiffs, German Portillo and Juana Portillo, failed to provide the 60-day Notice required by Texas Insurance Code § 541.154. The Portillos concede that they did not provide the required Notice letter before filing suit on November 1, 2010, but argue that, *inter alia*, the tardy Notice letter sent to Geovera on December 20, 2010, began the 60-day abatement clock which expired on February 19, 2011, thereby rendering Geovera's pending Plea moot. The Court agrees with the Portillos.

Despite Geovera's argument to the contrary, the Court finds the Portillos' Notice letter provides enough detail for Allstate "to grasp the basis" of their complaint, namely that Geovera had failed to include in its payments all of the damages caused to their property, including substantial roof structural and exterior damage; damages to the ceilings, walls, insulation and flooring as a result of water intrusion through the roof damage; damage to their personal belongings and contents; and damage to their fence all caused by Hurricane Ike. See Richardson v. Foster & Sear, LLP, 257 S.W.3d 782, 786 (Tex. App. -- Fort Worth, 2008). Admittedly, the

letter could have been more enlightening, however, this Court has no inclination to haggle over what degree of factual specificity will be necessary to ultimately declare a Notice letter regarding hurricane damage to be sufficient or demand that Plaintiffs file amended Notice letters until they get it right.

Having found the letter to be sufficient, the Court feels compelled to deny the Defendants' Plea as moot under the reasoning of the Texas Supreme Court in In re: Alford Chevrolet-Geo, 997 S.W.2d 173, 178 (Tex. 1999). On February 19, 2011, the 60-day abatement period would have ended. Although there was no automatic abatement in this case, due to the filing of the Portillos' verified response, this Court sees no need to formally grant the now-expired stay.

It is, therefore, the **ORDER** of this Court that the Verified Plea in Abatement of Geovera Specialty Insurance Company, John Leonard and James Perfetti (Instrument no. 4) is **DENIED as moot**.

**DONE** at Galveston, Texas, this ___30th___ day of March, 2011.

_____
John R. Froeschner
United States Magistrate Judge